UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23211-Civ-JORDAN
MAGISTRATE JUDGE P.A. WHITE

GREGORY O'NEIL HENDERSON,        :

    Petitioner,        :

v.        :        REPORT OF
                           MAGISTRATE JUDGE

FREDERICK DUNPHY, ET AL.,        :

    Respondents.        :

_____

## I.  Introduction

Gregory Henderson, who is presently confined at the Okeechobee Correctional Institution in Okeechobee, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] challenging the Florida Parole Commission's revocation of his Conditional Release. He is currently incarcerated in case numbers 89-43031, 89-43757, and 89-49366 entered in the Circuit Court for the Eleventh Judicial Circuit for Miami-Dade County and case 96-1978, entered in the Circuit Court for the Seventeenth Judicial Circuit for Broward County.[2]

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and

_____

[1] This petition is more appropriately brought pursuant to 28 U.S.C. § 2241 because Henderson challenges only his confinement, and not the constitutionality of his conviction. See Preiser v. Rodriquez, 411 U.S. 475 (1973); Peoples v. Chatman, 393 F.3d 1352 (11th Cir. 2004). However, this is largely a distinction without a difference because a section 2241 petition is governed by the same procedural limitations imposed on section 2254 petitions. Peoples v. Chatman, 393 F.3d at 1352.

[2] See http://www.dc.state.fl.us/AppCommon (information regarding Henderson's incarcerative history maintained by the Florida Department of Corrections).

Rules 8 and 10 of the Rules Governing Section 2254 Cases in the
United States District Courts.

The Court has before it the petition for writ of habeas
corpus, the Respondent's response to an order to show cause and
appendixes of exhibits.

## II.  Procedural History

Henderson has a long incarcerative history that begins with a
1987 grand theft (Miami-Dade case 87-14772), and a 1988 cocaine
offense (Miami-Dade case 88-3169). Next, he pled guilty and served
a two and one-half years in two cases for, among other offenses,
theft and burglary of a conveyance. [DE# 25-1 at 5, 20](Miami-Dade
cases 89-12091 and 89-16587).

Henderson is currently incarcerated on four cases. Three are
Miami-Dade sexual batteries on minors (89-43031, 89-43757, and 89-
49366), and the fourth is a Broward drug offense that occurred
several years later (96-1978). The details of these four cases
follow.

89-43031

Henderson was charged with capital sexual battery and sexual
battery for offenses that occurred between September 9 and 25,
1989. [DE# 25-1 at 24]. He pled nolo contendere and was adjudicated
guilty to the reduced charge of familial sexual battery. [DE# 25-1
at 27]. On April 23, 1991, he was sentenced to fifteen years in
prison followed by five years of probation, plus the court
recommended Henderson complete a Mentally Disordered Sex Offender
Program. [DE# 25-1 at 29-31]. The court vacated the judgment and
sentence on July 21, 1994. [DE# 25-1 at 50]. The court entered a
new adjudication of guilt and resentenced him, nunc pro tunc to

April 23, 1991, to twelve years in prison followed by five years of probation plus credit for all unforfeited gain time and for time incarcerated prior to imposition of the sentence. [DE# 25-1 at 55-57]. Henderson was released to serve probation when he had completed the sentence, taking gain time into account. However, probation was revoked and the court sentenced Henderson to thirty-five years imprisonment on February 14, 1997. [DE# 25-1 at 20-21]. The court entered a corrected sentence on May 19, 1998, nunc pro tunc to February 14, 1997, to clarify credit given for all time served, including time previously served in prison. [DE# 25-2 at 32]. The sentence was mitigated to thirty years on May 16, 2000. [DE# 25-2 at 34-35]. The court entered a corrected sentence December 17, 2003, nunc pro tunc to February 14, 1997, granting additional eighteen days of credit. [DE# 25-2 at 41].

89-43757

In the second sexual battery case, Henderson was charged with the same offenses during the same time period as the preceding case, but against a different victim. [DE# 25-1 at 33]. He entered a nolo contendere plea and received the same sentence as the foregoing case, running concurrently with it. [DE# 25-1 at 38-40]. He was resentenced to thirty-five years for "familial sexual battery," after probation revocation, running concurrently with the foregoing case. [DE# 25-2 at 5-9, 24-25, 90]. The sentence was mitigated to thirty years. [DE# 25-2 at 36-37]. A corrected sentence granted credit for an additional eighteen days. [DE# 25-2 at 42].

89-49366

In the third sexual battery, Henderson was charged with the same offenses as the foregoing two cases, but the offenses occurred during a different time period - between June 1, 1987, and December

29, 1987. [DE# 25-1 at 42]. Henderson entered the same plea and received the same sentence as the preceding two cases, to run concurrently. [DE# 25-1 at 46-48]. He was resentenced to thirty-five years, [DE# 25-2 at 13-17], which was mitigated to 30 years, concurrent. [DE# 25-2 at 38-39]. A corrected sentence granted credit for an additional eighteen days. [DE# 25-2 at 43].

96-1978

Finally, in the Broward case, Henderson was tried and adjudicated guilty of possession of cocaine, possession of cannabis and resisting an officer without violence. [DE# 25-2 at 44]. The offenses were committed in February, 1996. [DE# 25-2 at 49] (sentencing guidelines scoresheet dated September 19, 1996). He was sentenced to sixty months imprisonment on September 19, 1996. [DE# 25-2 at 46-48]. The sentence was to run concurrently with the three sexual batteries. [DE# 25-2 at 54].

Henderson was placed on conditional release at his grandmother's home on November 9, 2004. [DE# 11-2 at 9 (Ex. C)]. The form setting forth the conditions of release, which bears Henderson's signature, requires Henderson to comply with special conditions including electronic monitoring, searches of his residence by a conditional release supervisor, and not owning or possessing pornographic materials. [DE# 11-2 at 10, 13-16 (Ex. B, C conditions 8, 22)].

On January 11, 2005, the Parole Commission issued a warrant because Henderson failed to comply with electronic monitoring. [DE# 11-2 at 21-26 (Ex. D)]. The Parole Examiner found Henderson guilty of a violation but the Commission reinstated supervision because the violation was not material. [DE# 11-2 at 28-47 (Ex. E, F)].

4

The Parole Commission issued a second warrant several months later, on May 17, 2005, when conditional release officers found a pornographic videotape in Henderson's bedroom during a routine field visit. [DE# 11-2 at 49-60 (Ex. G)]. Correctional Probation Officer Supervisors Allen Davis and Elizabeth Manger testified at the violation hearing. According to Davis, he asked Henderson where he lived in his grandmother's two-bedroom house. Henderson said he slept a double mattress on the North side of a bedroom he shared with another relative. [DE# 11-2 at 70-71 (Ex. H, p. 2-3)]. Manger testified Henderson pointed at the room he stayed in and the bed he slept on. [DE# 11-2 at 71 (Ex. H, p. 3)]. A search of Henderson's bed uncovered a pornographic videotape. [DE# 11-2 at 70-71 (Ex. H, p. 2-3)].

Henderson denied telling officers he slept in the bedroom where officers found the videotape, or pointing to the bed where the tape was found, and claimed he slept in the living room.[DE# 11-2 at71 (Ex. H, p. 3)].

Henderson's grandmother could not say when Henderson began sleeping in the living room. She testified it is possible that he could watch television in the house and she would not know what he was watching. [DE# 11-2 at 72 (Ex. H, p. 4)].

The parole examiner found Henderson violated the conditions of his release by possessing a pornographic videotape. [DE# 11-2 at 73 (Ex. H at 5)]. The examiner recommended the Parole Commission revoke Henderson's release, which it did on August 24, 2005, effective May 18, 2005, with credit for the time Henderson was incarcerated pending the two violation hearings. [DE# 11-2 at 73 (Ex. H, p. 5), 11-2 at 75 (Ex. I)].

Henderson filed a Petition for writ of mandamus in Leon County circuit court on September 9, 2005. [DE# 4-10 at 16] (2005 CA 2197); see also [DE# 4-10 at 33] (amended petition). In it, he argued the Parole Commission and Department of Corrections should be compelled to (1) remove conditions of release that were imposed ex post facto including electronic tracking, anger management, drug treatment, and curfew; (2) remove the condition that he complete a sex offender program, which is cruel and unusual punishment because he already completed that program when released on probation in 1995; (3) correct his conditional release termination date and tentative release date to reflect erroneously forfeited gain time; (4) provide copies of all documents in the Parole Commission's and Department of Corrections' custody free of charge. Henderson also noted that (5) one of his three Miami-Dade County case is not eligible for conditional release because it was committed in 1987; and (6) his Broward County case is not eligible for conditional release.

The court dismissed the petition as to the Department of Corrections for failure to exhaust administrative remedies. [DE# 4-11 at 28]. The court denied relief as to the Florida Parole Commission because the statute providing for the imposition of special conditions on sex offenders was provided discretionary imposition of special conditions for offenses committed before October 1, 1995, and Henderson failed to demonstrate imposing that condition was an abuse of discretion. [DE# 4-11 at 25]. Henderson sought certiorari review in the First District, arguing: (1) the circuit court erred by denying relief without correcting the Parole Commission's errors of fact; (2) the court did not complete a full review of Henderson's claims; (3) the court erred by denying the mandamus petition after leaving it pending for over 260 days and without adequately reviewing its claims; and (4) the court erred by

6

denying mandamus claims that were supported by argument and case law. [DE# 4-11 at 35]. The First District denied certiorari on November 9, 2007. <u>Henderson v. David</u>, 968 So. 2d 1021 (Fla. 1st DCA 2007) (1D06-3802).

On October 17, 2005, the same day Henderson filed his amended petition for writ of mandamus in Leon County, he also filed a petition for writ of habeas corpus in Okeechobee County circuit court. [DE# 4-7 at 14](2005 CA 353). He sought release from custody because: (1) several conditions of release violated ex post facto, including the prohibition against possessing pornographic material and submitting to warrantless searches; and (2) insufficient evidence of willful and substantial violation because the supervising officers presented perjured testimony, the videotape was not presented at the violation hearing, Officer May testified but was not present at the search, no legal documents proved he owned the tape, documents were withheld from Henderson, Henderson's cousin did not know the conditions of Henderson's release and placed the tape under his mattress, and the Parole Commission failed to call as witnesses the two police officers who guarded Henderson during the search of his bedroom. In a supplement to the petition, Henderson argues (3) the videotape should have been suppressed at the violation hearing because it was the fruit of a warrantless search. [DE# 4-8 at 23, 38-39].

The court held the habeas petition in abeyance pending the Leon County court's ruling on his petition for writ of mandamus in case number 2005 CA 2197. [DE# 4-8 at 17, 47]. The court dismissed the habeas petition because (1) applying the pornography condition to Henderson was discretionary under section 947.1405(6) and did not violate ex post facto  because he committed his offense before October 1, 1995; (2) competent substantial evidence supports the

conditional release revocation, no abuse of discretion was shown, and Henderson is precluded to claim any error regarding the two officers' absence because he failed to list them for subpoena; and (3) a Fourth Amendment claim is precluded because Henderson agreed to the conditions of release including reasonable searches of his residence. [DE# 4-8 at 60]. The court also noted that Henderson had claimed his public records requests were denied, but subsequently advised the Court that he received the information he sought. [DE# 4-11 at 41, n. 2] (referring to Petitioner's April 27, 2006 letter to Clerk of Court Sharon Henderson). The court denied rehearing. [DE# 4-9 at 12].

On certiorari review to the Fourth District, Henderson argued the circuit court departed from the essential requirements of the law by dismissing the habeas petition because: (1) the special conditions violated ex post facto; (2) there was no competent substantial evidence to show a violation occurred; (3) the Parole Commission revoked conditional release based on a special condition that was improperly applied to him; and (4) the warrantless search violated his Fourth Amendment rights. [DE# 4-9 at 14]. The court denied certiorari on the merits, [DE# 4-9 at 29](4D06-4473), and denied rehearing. [DE# 4-9 at 39]. The Supreme Court denied discretionary review on May 18, 2007. Henderson v. David, 958 So. 2d 919 (Fla. 2007) (SC07-470).

Henderson filed another petition for writ of habeas corpus in Okeechobee circuit court on May 23, 2007. [DE# 4 at 9, 31] (2007 CA 178). He argued he should be discharged from custody because: (1) he was illegally classified as a conditional releasee because his "prior felony commitment" in case 89-12091 was not complete at the time he was convicted in case numbers 89-43031 and 89-43757; and (2) he was coerced into signing backdated conditional release

8

documents. In its response, the Parole Commission refers to case numbers 87-14472 and 88-3169, for which the Petitioner had previously served two separate two and one-half year state prison commitments before he was sentenced on the sexual battery cases on February 14, 1997, and therefore qualified as a conditional releasee. [DE# 4 at 83]. In his reply, the Petitioner contended the Commission misapprehended the statute because the convictions in cases 87-14472 (conviction on December 3, 1987) and 88-3169 (conviction on April 13, 1988) preceded the enactment of section 947.1405(2). [DE# 4 at 92, 4-2 at 4]. He argued the Commission did not consider the 1987 and 1988 cases when it imposed conditional release and therefore they cannot be used to justify his conditional release now. The court dismissed the petition with prejudice as an abuse of the writ because Henderson raised grounds that were or could have been raised previously, [DE# 4-2 at 24], and denied rehearing. [DE# 4-2 at 47].

Henderson sought certiorari review of the denial of his habeas petition in the Fourth District. He raised the following arguments: (1) he was denied due process where the circuit court failed to review his reply; (2) the order dismissing the habeas petition departs from the essential requirements of law by erroneously interpreting section 947.1405, because the third sexual battery (89-49366) predates the Act's statutory enactment and does not qualify for conditional release; (3) the court erroneously determined the prior felony convictions (87-14772, 88-3169, and 89-12091) do not have to be served after October 1, 1988, violating ex post facto; (4) the circuit court violated due process and departed from the essential requirements of law by determining reliance on the conviction and unexpired sentence for the theft cases was unnecessary to qualify Petitioner for conditional release; (5) the circuit court departed from the essential requirements of the law

9

by determining  the habeas petition was an abuse of the writ. [DE# 4-4 at 41] (Amended petition; original petition (4-2 at 53) exceeded page limit). Henderson also requested the court to certify the following as a question of great public importance: "Does Florida Parole Commission ha[ve] the authority pursuant to section (2) Florida Statute 947.1405(1988) to use an inmate's 'prior felony commitment' that pre-date[s] the October 1, 1988 enactment of Florida Statute 947.1405(2)(1988) to qualify that inmate for the second criteria of the Conditional Release Act?" [DE# 4-5 at 27, 4-6 at 8]. The Fourth District denied certiorari on the merits on June 12, 2008. [DE# 4-6 at 20]. It denied certification on June 20, and rehearing on July 21, 2008. [DE# 4-6 at 21, 43](4D07-4684).

### III. <u>Habeas Claims</u>

Henderson filed the instant habeas petition on November 13, 2008. He argues the State court, acting in its appellate capacity, unreasonably applied clearly established federal law by:

(1) affirming the Parole Commission's application of the Conditional Release Act violated due process where he did not qualify for the program because:

(a) prior offenses 87-14772 and 88-3169 were not originally used to classify him as a conditional releasee and the offenses predate the enactment of the Conditional Release Act, so using them to qualify him for conditional release violates ex post facto;

(b) prior offense 89-12091 cannot be used because Henderson had not completed his sentence for that offense at the time he was

10

originally sentenced for sexual batteries 89-43031 and 89-43757 on April 23, 1991;

(c) the third sexual battery (89-49366) cannot be used because the offense in that case occurred before section 947.1405(2), was enacted;

(d) Henderson refused to sign the conditional release documents;

(2) affirming the Parole Commission's determination that he violated terms of conditional release violated equal protection and due process because:

(a) there was insufficient evidence of violation because the officers searched the wrong area of the bedroom Henderson shared with his cousin and the officers offered conflicting testimony;

(b) the Commission denied Henderson copies of documents used as evidence and the appointment of legal counsel at the initial interview and revocation hearing;

(c) the parole examiner should have called police officers Lorenzo and Boclair as witnesses at the revocation hearing; they would have contradicted the other officers by testifying Henderson was in the living room during the whole search, was not asked where

11

he lived in the bedroom, and did not consent
to the search;

(d) the Commission revoked Henderson's release
because probation officer May was called as a
witness and recommended revocation even though
she was not assigned as Henderson's probation
officer and was not present during the search
of his home;

(3) affirming the Commission's application of the
Conditional Release Act including forfeiture of gain time
and recalculation of release date violated due process
and ex post facto:

(a) where Henderson's prior felony commitments
predated the enactment of the Act under <u>Lynce
v. Mathis</u>, 519 U.S. 433 (1997);

(b) because the Act's prospective application
and its reference to "prior felony
commitments," which is in effect retroactive,
cannot be reconciled;

(4) erroneously holding that:

(a) there is no precedent requiring the prior
felony commitment to be served after October
1, 1988, for purposes of the Conditional
Release Act;

(b) it was unnecessary to rely on the theft

12

case because there were other commitments completed prior to the qualifying sexual batteries;

(c) it was unnecessary to determine whether a prior felony sentence must be completed or expired in order to be considered a "prior felony commitment" under the Act;

(5) holding the second habeas petition was an abuse of the writ even though the petition was based on newly discovered evidence, i.e., the Department of Corrections' sentence calculation that Henderson did not receive until November, 2006, resulting in manifest injustice.

The Commission correctly concedes the instant petition is timely. However, it argues Henderson's claims are not cognizable because they raise purely state-law issues. The Commission also contends several of Henderson's claims are unexhausted, and that all the claims should be denied on the merits. The Court will address exhaustion and procedural default for each of the claims, then will address the merits of the claims that are exhausted and not procedurally barred.

## IV.   Exhaustion and Procedural Default

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). A petitioner is required to

13

present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971).

Procedural default arises when "the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred." Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). A claim is procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar. Coleman v. Thompson, 501 U.S. 722, 734-35 and n. 1 (1991). The state court's basis for rejecting the claim must be firmly established and regularly followed, and not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424-25 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995). There are two exceptions to the procedural default rule. "First, a petitioner may gain federal review of an otherwise procedurally defaulted claim if he can demonstrate both cause excusing the default and actual prejudice resulting from the bar." Hill v. Jones, 81 F.3d 1015, 1023 (11th Cir. 1996). "Second, in extraordinary cases, a federal habeas court may grant the writ without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Id. To excuse default, the petitioner must prove "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).

Claim 1(a)

Henderson argued in his reply to the Commission's response to his May 23, 2007, habeas petition that his convictions in cases 87-

14772 and 88-3169 could not be used to support application of the Conditional Release Act because these cases predate the Act. [DE# 4-2 at 4]. He also raised the issue in his petition for writ of certiorari to review the dismissal of his habeas petition. [DE# 4-4 at 68]. Therefore, this ground is exhausted. See Ogle v. Estelle, 592 F.2d 1264 (5th Cir. 1979) (issue asserted in supplemental appellate reply brief was fairly presented).

Nor is this ground procedurally defaulted. The circuit court dismissed the May 23, 2007, habeas petition as an abuse of the writ, however, on review of that decision the Fourth District denied certiorari on the merits. Because the last reasoned decision on this issue reached the merits, it is not procedurally barred. See Thomas v. Harrelson, 942 F.2d 1530, 1532 (Fla. 11th Cir. 1991) (issue not procedurally barred where the last state court to consider the case addressed the merits of the issue). As this claim is exhausted and is not procedurally defaulted, the Court will reach the merits of this claim.

Claim 1(b)

Henderson argued in his May 23, 2007, petition for writ of habeas corpus that his commitment in case number 89-12091 cannot be used to qualify him for conditional release because he had not completed the sentence in that case at the time he was originally sentenced for the sexual batteries. [DE# 4 at 15, 20]. He also raised this issue on certiorari review of the habeas petition in the Fourth District. [DE# 4-4 at 72, n. 7]. As set forth in Claim 1(a), supra, the Fourth District's opinion on the merits negates the circuit court's finding of procedural bar. The claim is therefore exhausted and not procedurally defaulted, and the Court will reach its merits.

Claim 1(c)

Henderson argued in his petition for writ of mandamus and petition for writ of certiorari on review from the May 23, 2007, habeas petition that the third sexual battery case (89-49366), does not qualify for conditional release because the offense predated section 947.1405(2). [DE# 4-10 at 30, 4-4 at 67]. The State court addressed this claim on the merits. See Claim 1(a), supra. The claim is therefore exhausted and not procedurally defaulted, and the Court will reach its merits.

Claim 1(d)

Henderson argued in his May 23, 2007, habeas petition that he should not have been placed on conditional release because he refused to sign the conditional release documents. [DE# 4 at 15, 20]. However, he did not raise this argument on certiorari review in the Fourth District. [DE# 4-4 at 41]. Because Henderson failed to appeal the denial of this claim in State court when he had the opportunity to do so, this claim is considered abandoned and unexhausted. See DeWitt v. McDonough, 2006 WL 2850101 (M.D. Fla. Oct. 3, 2006) (petitioner abandoned claim in 3.850 motion by failing to raise it on appeal, and was procedurally barred from review in state court, resulting in procedural default of habeas claims); State v. Mitchell, 719 So. 2d 1245, 1247 (Fla. 1st DCA 1997) (claim raised but not argued in appellate brief considered abandoned). Accordingly, this claim is procedurally defaulted for federal habeas purposes. O'Sullivan, 526 U.S. at 848. Henderson has not demonstrated cause and prejudice or manifest injustice to overcome this procedural default. Murray, 477 U.S. at 485. He is not entitled to consideration on the merits of this claim.

Claim 2(a)

Henderson argued in his October 17, 2005, habeas petition that

there was insufficient evidence to show he willfully and substantially violated conditional release because the officers searched the wrong area of the bedroom and offered conflicting testimony. [DE# 4-7 at 29]. The court denied relief because competent substantial evidence supported the conditional release revocation. [DE# 4-8 at 62]. Henderson also presented this claim to the Fourth District on certiorari review of his habeas petition. [DE# 4-9 at 15]. The court denied certiorari on the merits and the Supreme Court denied discretionary review. [DE# 4-9 at 29; Henderson v. David, 958 So. 2d at 919. This claim is therefore exhausted and not procedurally defaulted.

Claim 2(b)

Henderson argued in his September 9, 2005, mandamus petition and in his October 17, 2005, habeas petition that the Commission denied him copies of documents. [DE# 4-10 at 30; 4-7 at 40]. However, in his reply to the Parole Commission's response to the habeas petition, Henderson advised the Court that he had received the information he sought. [DE# 4-7 at 90, 4-8 at 63 n. 2] (referring to Petitioner's April 27, 2006 letter to Clerk of Court Sharon Henderson). The circuit court denied the mandamus petition and dismissed the habeas petition. [DE# 4-11 at 25; 4-8 at 60]. Henderson did not raise this ground on certiorari review of the habeas petition, [DE# 4-9 at 14], or in his certiorari petition seeking review of the mandamus ruling. See [DE# 4-11 at 35]. Because Henderson withdrew his claim from the State court's consideration and failed to raise it on appeal, it is abandoned and unexhausted. See DeWitt, 2006 WL 2850101; Mitchell, 719 So. 2d at 1247. Accordingly, this issue is procedurally defaulted. O'Sullivan, 526 U.S. at 847. Henderson has not demonstrated cause and prejudice or manifest injustice to overcome this procedural default. Murray, 477 U.S. at 485. He is not entitled to

17

consideration on the merits of this claim.

Nor is Henderson's contention that he was wrongfully denied the appointment of legal counsel exhausted because he never raised this issue in State court. It is now too late for him to raise this issue in State court because he has already filed two petitions for habeas relief challenging the Parole Commission's revocation of conditional release. Any future attack on the revocation would be procedurally barred under Florida law, so any attempt to exhaust the claim would be futile. Fla. R. Crim. P. 3.850(f); Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir. 1998). Henderson is not entitled to consideration of this claim on the merits.

Claim 2(c)

Henderson argued in his October 17, 2005, habeas petition that the parole examiner should have called the two police officers who guarded him during the search to testify at the revocation hearing. [DE# 4-7 at 36-37]. The court found Henderson was precluded from claiming any error regarding the two officers' absence because he failed to list them for subpoena. [DE# 4-8 at 62]. He failed to raise this issue on certiorari review of the denial of his habeas petition. [DE# 4-9 at 14]. This claim is therefore considered abandoned and unexhausted. See DeWitt, 2006 WL 2850101; Mitchell, 719 So. 2d at 1247. Accordingly, this claim is procedurally defaulted for federal habeas purposes. O'Sullivan, 526 U.S. at 848. Henderson has not demonstrated cause and prejudice or manifest injustice to overcome this procedural default. Murray, 477 U.S. at 485. He is not entitled to consideration on the merits of this claim.

Claim 2(d)

Henderson argued in his October 17, 2005, habeas petition that

the evidence of violation was insufficient because it was based on Probation Officer May's testimony. [DE# 4-7 at 30, 31 n. 3, 32-33]. The circuit court found there was competent substantial evidence to support the revocation. [DE# 4-8 at 62]. Henderson raised sufficiency of the evidence on certiorari review, [DE# 4-9 at 15, 19], and the appellate court denied relief on the merits. [DE# 4-9 at 29]. Therefore, this ground was fairly presented to the State courts and is exhausted and not procedurally defaulted.

Claims 3(a)-(b)

Henderson argued in the May 23, 2007, habeas proceeding that the application of the Conditional Release Act to him, and consequent forfeiture of gain time and recalculation of his release date, violated due process and ex post facto. [DE# 4-2 at 4]. He also raised this issue on certiorari review of the habeas petition. [DE# 4-4 at 68]. These claims are therefore exhausted and not procedurally barred for the reasons set forth in Claim 1(a), supra.

Claims 4(a)-(c)

Henderson argued in his May 23, 2007, habeas proceeding that he was erroneously classified as a conditional releasee because a felony sentence must be completed or expired to be a "prior felony commitment" under the Act. [DE# 4 at 20]. He also presented this claim on certiorari review. [DE# 4-4 at 67, 72, n.7]. This argument is exhausted and not procedurally barred.

Claim 5

Henderson alleged in his certiorari petition on review from the May 23, 2007, habeas petition that the Department of Corrections' sentencing calculations constituted newly discovered evidence. [DE# 4-5 at 6]. The Fourth District denied certiorari on the merits. [DE# 4-6 at 20]. Therefore, this ground is exhausted,

Ogle, 592 F.2d at 1264, and is not procedurally barred.

## V.  Standard of Review

A writ of habeas corpus for a claim adjudicated on the merits in state court is available only if the decision of the state court was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" clearly established federal law if the state court applies a rule that contradicts United States Supreme Court precedent, or reaches a different conclusion from the Supreme Court based on materially indistinguishable facts. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. Clearly established federal law refers to the Supreme Court's holdings at the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). The state court does need not cite Supreme Court decisions or be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003). So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court precedent, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

VI.  <u>Discussion</u>

The claims that are exhausted and not procedurally barred address three main issues: Henderson's qualification for conditional release, revocation of conditional release and newly discovered evidence. Each will be addressed in turn.

a. <u>Qualification for Conditional Release</u>

The essence of Claims 1(a)-(c), 3(a)-(b), and 4(a)-(c), is that the Conditional Release Act does not apply to Henderson. He complains several of his prior offenses (87-14772, 88-3169 and 89-12091) and one of the three sexual battery cases for which he is presently incarcerated (89-49366) do not qualify for conditional release. He contends the application of the Conditional Release Act to him violates due process and ex post facto.

First, Henderson's purported due process claim should be rejected because it actually raises a question of state law. Federal habeas relief is available only to correct constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); <u>see</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (holding errors that do not infringe a defendant's constitutional rights provide no basis for federal habeas corpus relief); <u>Barclay v. Florida</u>, 463 U.S. 939, 958-59 (1983) ("[m]ere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted). Questions of state law and procedure "rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1053-54 (11th Cir. 1983)). Federal

21

habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).

Whether Henderson qualifies for conditional release, and what procedure was used to determine whether Henderson qualifies, depends on Florida's construction and application of its own statutes. See § 947.1405, Fla. Stat. The State's adherence to the procedures set forth in its own statutes does not implicate federal due process concerns. See e.g., Taylor v. David, 2008 WL 906693 (N.D. Fla. April 1, 2008) (due process allegation the Commission failed to follow its statutory obligations did not state a claim for habeas relief). Under such circumstances, no federal constitutional right is implicated and accordingly there is no basis for habeas relief. See Branan, 861 F.2d at 1508.

Second, Henderson's argument that application of the Conditional Release Act violates ex post facto should be rejected because the Florida court's decision is not contrary to or an unreasonable application of clearly established federal law.

No United States Supreme Court case construes section 947.1405 or holds that its application in a situation like Henderson's violates ex post facto or due process. Accordingly, the Florida court's determination that Henderson is subject to the Conditional Release Act is not contrary to clearly established federal law.

Moreover, the Florida court's rejection of Henderson's ex post facto claims is consistent with federal law. The Ex Post Facto

Clause provides that a state may not retroactively apply any law that "inflicts a greater punishment, than the law annexed to the crime, when committed." <u>Calder v. Bull</u>, 3 U.S. 386, 390 (1789); U.S. Const. Art. I, § 10. To fall within the ex post facto prohibition, a law must be retrospective, that is, "it must apply to events occurring before its enactment" and it "must disadvantage the offender affected by it" by altering the definition of criminal conduct or increasing the punishment for the crime. <u>Collins v. Youngblood</u>, 497 U.S. 37, 50 (1990); <u>see also</u> <u>Lynce v. Mathis</u>, 519 U.S. 433, 441 (1997). The court must examine the relevant state statutory scheme at the time Petitioner committed his offenses to determine whether Petitioner has established an ex post facto violation. <u>Benton v. McNeil</u>, 2009 WL 799439 at *7 (N.D. Fla. March 24, 2009). Not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited. <u>Cal. Dep't of Corr. v. Morales</u>, 514 U.S. 499, 508-09 (1995). The question is "a matter of degree." <u>Id.</u> The controlling inquiry is whether retroactive application of the change in law creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes." <u>Id.</u>

In 1988, the Florida legislature enacted the Conditional Release Act to provide that certain "at risk" inmates will have to remain under supervision following their release from prison for a period of time equal to the amount of gain time they were awarded. <u>Duncan v. Moore</u>, 754 So. 2d 708, 710 (Fla. 2000). The law provides for supervised release of any inmate who:

> (a) Is convicted of a crime committed on or after October 1, 1988, and before January 1, 1994, and any inmate who is convicted of a crime committed on or after January 1, 1994, which crime is or was contained in category 1,

23

category 2, category 3, or category 4 of Rule 3.701 and
Rule 3.988, Florida Rules of Criminal Procedure (1993),
and who has served at least one prior felony commitment
at a state or federal correctional institution. . . .

§ 947.1405(2), Fla. Stat.

The Conditional Release Act covers eligible offenders whose
relevant offenses were committed on or after October 1, 1988.
Duncan, 754 So. 2d at 711 n. 1. Florida courts have consistently
held that application of the Conditional Release Act to releasees
who committed the relevant offense after October 1, 1988, does not
violate ex post facto. See Mayes v. Moore, 827 So. 2d 967, 971
(Fla. 2002) (conditional release is not an increased punishment);
Duncan, 754 So. 2d at 711-12.

Henderson committed several offenses after October 1, 1988,
for which conditional release could have been imposed. See [DE# 25-
1 at 24] (sexual batteries in case 89-43031 occurred between
September 9 and 25, 1989); [DE# 25-1 at 33] (sexual batteries in
case 89-4357 occurred between September 9 and 25, 1989); [DE# 25-2
at 49] (drug offenses in case number 96-1978 occurred in February
1996).[3] Therefore, application of the Conditional Release Act to
Henderson based on these offenses did not violate ex post facto.

Moreover, Henderson's prior offenses also qualified him for
conditional release. He had "served at least one prior felony

---

[3] To the extent the Parole Commission may have concluded the third
sexual battery (case 89-49366) supports conditional release, this conclusion
is incorrect because the 1987 offense in that case predates the Act. However,
this does not change the outcome of this case because Henderson is presently
serving three other offenses that occurred after October 1, 1988, and appear
to qualify for conditional release.

24

commitment at a state or federal correctional institution" at the time he committed the 1989 sexual batteries and 1996 drug offense. He had been imprisoned for a 1987 grand theft, 1988 drug case, and two 1989 theft and burglary cases. See [DE# 25-1 at 5, 20](Miami-Dade cases 89-12091 and 89-16587); Department of Corrections website. The statute does not expressly state a sentence must be expired or completed to qualify as a "prior felony commitment" under the statute, and no Florida case construes the Act to contain such a requirement. Further, Henderson concedes that his sentences in the 1987 grand theft and 1988 drug case were completed at the time he committed the sexual batteries and 1996 drug case. Therefore, whether the law requires a sentence to be complete or expired when the qualifying offenses occur is irrelevant. Henderson's argument that the 1987 and 1988 cases do not qualify as "prior felony offenses" because they predate the Act are not supported by Florida case law. See, e.g., Jongewaard v. State, 824 So. 2d 1009 (Fla. 5th DCA 2002) (inmate did not qualify for conditional release where he had no prior commitment); Andrews v. Fla. Parole Comm'n, 768 So. 2d 1257 (Fla. 1st DCA 2000) (calculation error present, however, releasee apparently qualified based on pre-October 1, 1988 priors); Westlund v. Fla. Parole Comm'n, 637 So. 2d 52 (Fla. 1st DCA 1994) (same).

The Florida courts' conclusion that applying the Act to Henderson does not violate ex post facto is consistent with federal law. See, e.g., Benton v. McNeil, 2009 WL 799439 (N.D. Fla. March 24, 2009) (rejecting petitioner's arguments challenging the conditional release program, his placement on conditional release, and the subsequent revocation of conditional release); Kinchen v. Sec'y, Dep't of Corr., 2008 WL 4534132 (M.D. Fla. Oct. 7, 2008) (retroactive application of supervision statute did not violate ex post facto); Haralson v. Fla. Parole Comm'n, 2006 WL 2331029 (N.D.

Fla. Aug. 8, 2006) (no ex post facto violation where the Conditional Release Act took effect long before habeas petitioner committed his offense). The Florida courts' rejection of Henderson's claim that his conditional release violates ex post facto is not contrary to or an unreasonable application of clearly established federal law.

b. <u>Revocation of Conditional Release</u>

Henderson argues in Claims 2(a) and (d) that revocation of his conditional release was based on insufficient evidence, violating equal protection and due process. He also argues in Claim 3 that, upon revocation, the forfeiture of his gain time and alteration of his release date violated due process and ex post facto.

First, the Florida court's rejection of Henderson's claim that the revocation of his conditional release violated due process is not contrary to or an unreasonable application of clearly established federal law.

Once an inmate has been placed on supervised release, the loss of liberty necessitated in revocation proceedings requires that releasees be accorded due process. <u>Gagnon v. Scarpelli</u>, 411 U.S. 778 (1973); <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972). The minimum due process requirements during revocation proceedings include: (a) written notice of the claimed violations; (b) disclosure of the evidence against him; (c) opportunity to be heard in person and present witnesses and documentary evidence; (d) opportunity to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; (f) a written statement by the factfinders as to the evidence relied on and reasons for revocation. <u>Morrissey</u>, 408 U.S. at 489. In Florida, revocation hearings are governed by these same due process considerations. <u>See</u> <u>Peters v. State</u>, 984 So.

2d 1227 (Fla. 2008).

Henderson was notified of the violation charges, was present at a hearing where he had the opportunity to confront and cross-examine witnesses and testify on his own behalf. Although Henderson had complained he was not provided with his own free copies of the documentary evidence, he does not allege the evidence was withheld from him at the violation hearing. In any event, he ultimately waived that argument. Therefore, the proceedings were fundamentally fair in accordance with federal law and Henderson has demonstrated no constitutional violation. See, e.g., Rainey v. Fla. Parole Comm'n, 2009 WL 195945 (S.D. Fla. Jan. 23, 2009).

Moreover, the record reveals there was competent substantial evidence that Henderson violated the conditions of his release. The parole examiner found Henderson violated his release by possessing a pornographic videotape. That decision was supported by testimony from two officers who searched the area of the bedroom where Henderson was staying and discovered the tape hidden in Henderson's mattress. [DE# 11-2 at 73 (Ex. H at 5)]. The Parole Commission accepted these findings, as it was bound to do because the examiner's findings were supported by competent substantial evidence. See Tedder v. Fla. Parole Comm'n, 842 So. 2d 1022 (Fla. 1st DCA 2003) (Commission is not at liberty to reweigh the evidence considered by the hearing examiner where the examiner's finding is supported by competent substantial evidence); see also Richardson v. Fla. Parole Comm'n, 924 So. 2d 908 (Fla. 1st DCA 2006) (competent substantial evidence standard); Mabry v. Fla. Parole Comm'n, 891 So. 2d 1164 (Fla. 2d DCA 2005) (same). Accordingly, the state courts upheld the revocation.

This outcome is not contrary to or an unreasonable application of clearly established federal law. See Haralson, 2006 WL 2331029

(no due process violation where petitioner did not dispute any of the testimony or come forth with any evidence or argument to challenge the factual findings that he violated the conditions of his release).

Second, Henderson has failed to state a cognizable claim that the Commission's revocation of his release violated equal protection. Equal protection requires that persons similarly situated be treated similarly. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985). Here, Henderson fails to state how he was treated differently than other Florida prisoners who were similarly situated.

Finally, Henderson's arguments that forfeiture of gain time and recalculation of his sentence violated his constitutional rights are not cognizable habeas claims. A Florida prisoner has no liberty interest in parole that is created by State statutes. Hunter v. Fla. Parole & Probation Comm'n, 674 F.2d 847, 848 (11th Cir. 1982); see also McNeil v. Canty, 2009 WL 1793375 (Fla. 2009); § 947.1405, Fla. Stat.; § 947.141, Fla. Stat. Therefore, the calculation of gain time and release date reveals "no deprivation of a federally protected right" upon which habeas relief could be based. Id. Moreover, "[n]either the ex post facto clause nor any other part of the Constitution prevents a state from permitting a prisoner from bargaining away earned release credits...." Gaskins v. Crosby, 371 F.3d 820, 823 (11th Cir. 2004). Henderson's reincarceration was the direct result of his violation of the conditions of his release. While his displeasure at this outcome is understandable, it provides no basis for federal habeas relief.

c. Newly Discovered Evidence

In his final claim, Henderson argues the State court should

not have barred his May 23, 2007, habeas petition as a successive abuse of the writ because the claim was based on newly-discovered evidence. He contends he could not have raised his ex post facto argument regarding his qualification for conditional release until he received the October 23, 2006, Department of Corrections affidavit explaining his sentencing structure.

A claim of newly discovered evidence can excuse procedural default of a constitutional claim if enforcing the default would result in a fundamental miscarriage of justice. Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). It is unnecessary to apply this test to Henderson's newly-discovered evidence claim, however, because this Court has not procedurally defaulted any of the issues Petitioner alleges are newly discovered. See Harbour v. McDonough, 2007 WL 1120386 at *27 (N.D. Fla. April 13, 2007). The newly discovered evidence claims relate to Henderson's qualification for conditional release, each of which this Court has reviewed on the merits. See section VI(a), supra. "Therefore, he is not entitled to a review of his newly discovered evidence of actual innocence under the actual innocence exception to the procedural bar." Id. at *27.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 6th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:  Gregory O'Neil Henderson, Pro Se
     DC# 409460
     Okeechobee Correctional Institution
     3420 N.E. 168 St.
     Okeechobee, FL 34972-4824

     Sarah J. Rumph
     Assistant General Counsel
     Florida Parole Commission
     2601 Blair Stone Road, C-222
     Tallahassee, FL 32399
```