UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-23211-CIV-JORDAN

| | |
|---|---|
| GREGORY O'NEIL HENDERSON )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>FREDERICK DUNPHY et al. )<br>)<br>Respondents ) | **CLOSED CIVIL CASE** |

### ORDER DENYING HABEAS CORPUS PETITION AND CLOSING CASE

Following a de novo review of the record, including Mr. Henderson's objections and notice of supplemental authority [D.E. 30, 31, 32], I adopt the report and recommendation issued by Magistrate Judge White [D.E.27], with the following additional analysis as to the Ex Post Facto claim and the claim that Mr. Henderson was denied his right to witnesses at the conditional release revocation hearing..

Mr. Henderson was placed on conditional release in November of 2004. One of the special conditions, in light of his prior sexual battery convictions, included not owning or possessing pornographic materials. In August of 2005, the Parole Commission, after an evidentiary hearing, found that Mr. Henderson violated that special condition, and revoked his release. Like Magistrate Judge White, I construe Mr. Henderson's petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004); *Kinchen v. Secretary, Dept. of Corrections*, 2008 WL 4534132, *1 n.1 (M.D. Fla. 2008).

1. Mr. Henderson claims that placing him on conditional release with a special condition of not owning or possessing pornographic materials violates the Ex Post Facto Clause of the Constitution, *see* U.S. Const. Art. I, § 10, because Florida's Conditional Release Act, Fla. Stat. § 947.1405 (enacted in 1988) does not apply to him in light of his convictions. I disagree. First, Mr. Henderson's initial contention that he was improperly classified under the Conditional Release Act

is a state law claim which is not cognizable in federal habeas. In any event, Mr. Henderson falls under the Conditional Release Act because he meets all of the criteria: his sexual battery convictions were after October 1, 1988, and before January 1, 1994; those convictions were Category 2 convictions under Florida Rule of Criminal Procedure 3.701(c); and Mr. Henderson had prior felony commitments at a state institution (i.e., the offenses listed on page 2 of the report and recommendation). *See* Fla. Stat. § 947.1405(2) (1988); Fla. Stat. § 921.001(11)(e) (1988). Second, given that the Act was enacted before Mr. Henderson entered his nolo contendere pleas to the sexual battery charges, it is difficult to see how there is an Ex Post Facto violation due to his release (with conditions) under the Act. *See Rice v. Baker*, 2006 WL 1410186, *2 (11th Cir. 2006). Third, as a matter of Florida law, and under § 947.1405(6), the Parole Commission had the discretion to impose the special condition concerning ownership or possession of pornographic materials on Mr. Henderson, even before such condition became mandatory for offenders like Mr. Henderson. Because § 947.1405(6) was in existence at the time of Mr. Henderson's sexual battery convictions, there is no Ex Post Facto violation. *See Grace v. Florida Parole Commission*, 985 So.2d 1213, 1214-15 (Fla. 1st DCA 2008). Moreover, the special condition prohibiting ownership or possession of pornographic materials was reasonable given those prior convictions. Fourth, to the extent that Mr. Henderson's pre-Act convictions were used to classify him under the Act, there is no Ex Post Facto violation under Eleventh Circuit cases. *See Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929, 933 (11th Cir. 1985); *Paschal v. Wainright*, 738 F.2d 1173, 1176-80 (11th Cir. 1984). Furthermore, similar Ex Post Facto claims arising from the Conditional Release Act have recently been rejected by district courts throughout Florida, and I find those cases persuasive. *See also Benton v. McNeil*, 2009 WL 799439, *8-*9 (N.D. Fla. 2009); *Kinchen*, 2008 WL 4534132, at *8; *Pope v. Florida Parole Commission*, 2008 WL 5412060, *7 (S.D. Fla. 2008) (citing cases).

2. Mr. Henderson also contends that the Parole Commission violated his constitutional rights by failing to call as witnesses two police officers whom he says would have testified on his behalf. The state trial court (in the 19th Judicial Circuit) rejected this claim because Mr. Henderson had not listed these officers as witnesses he wanted to call at the conditional release revocation hearing. The state trial court noted that Mr. Henderson had listed only three witnesses, and the Commission issued subpoenas for these witnesses. The record confirms the state trial court's factual findings. *See*

Appendix, Exh. G [D.E. 11]. Although Mr. Henderson may have made a request for the officers' testimony at the hearing, the state trial court's ruling is not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1)-(2); *Ball v. U.S. Parole Commission,* 849 F.Supp. 328, 330-31 (M.D. Pa. 1994) (federal parolee cannot wait until hearing to request or call witnesses).

The habeas corpus petition is denied, and this case is closed.

Done and ordered in chambers at Miami, Florida, this 2nd day of September, 2009.

*(signature)*
Adalberto Jordan
United States District Judge

Copies to Magistrate Judge White, counsel of record, and Gregory O'Neil Henderson, pro se, DC # 409460, Okeechobee Correctional Institution, 3420 N.E. 168th Street, Okeechobee, Florida 34872.